**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MICHEL CORONA REYES

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-01595-RFB-BNW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Michel Corona Reyes's First Amended Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 13). Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). For the following reasons, the Court grants the Petition, awards Petitioner a writ of habeas corpus, and orders his immediate release so that he may voluntarily depart.

## I. RELEVANT BACKGROUND

Mr. Reyes initiated the instant action by filing a verified petition for writ of habeas corpus on May 26, 2026. See ECF No. 1-1. On May 27, 2026, the Court screened Mr. Reyes's petition and appointed counsel. See Order Appointing Counsel, ECF No. 3 [hereinafter "OAC"]. That Order enjoined Respondents from transferring Petitioner out of the United States District of Nevada without leave of court. Id. at 3.

On June 22, 2026, Mr. Reyes filed an unopposed Motion to Modify Transfer Order, representing that he had been granted pre-conclusion voluntary departure at his June 3, 2026, immigration court appearance. See ECF No. 10 at 2. However, on June 17, 2026, Respondents indicated to Mr. Reyes that the government was unable to process his departure because of the

Court's Order enjoining transfer. See id. As such, Mr. Reyes, without objection from Respondents, requested the Court "modify its prior order to allow the government to transfer Mr. Reyes from Nevada solely for the purpose of facilitating a prompt voluntary departure." Id. The Court did so on June 23, 2026. See ECF No. 11.

On July 6, 2026, Mr. Reyes filed his First Amended Petition for Writ of Habeas Corpus. See ECF No. 13 [hereinafter "Pet."]. In it, Mr. Reyes represented that, despite the Court's June 23, 2026, Order, Mr. Reyes remained in immigration custody in violation of his due process rights under the Fifth Amendment of the United States Constitution. See Pet. at 5–8.

On July 9, 2026, Federal Respondents filed a response entitled "Supplemental Notice Regarding Class Membership," which asserted that "Petitioner is not a Class Member. Petitioner had a bond hearing on June 3, 2026[.]". Fed. Resp'ts' Supp. Notice Regarding Class Membership, ECF No. 16 at 1 (July 9, 2026) [hereinafter, "Supp. Notice"]. Petitioners replied on July 10, 2026. That same day, the Court noted that Respondents' filing was non-responsive and failed to certify the legal basis, if any, for Petitioner's detention. See ECF No. 19 (July 10, 2026). Accordingly, the Court ordered Respondents to show cause why Petitioner should not be immediately released from custody, as requested by Petitioner. See id. To date, Respondents have not done so.

## II. FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' evidence.

On June 3, 2026, Mr. Reyes appeared before an immigration judge, who ordered that Mr. Reyes be granted pre-conclusion voluntary departure under Immigration and Nationality Act (INA) § 240B(a), in lieu of removal, without expense to the Government, on or before 07/06/2026, under safeguards. See Order of the Immigration Judge, ECF No. 13-4 at 2 (July 6, 2026). Essentially, Mr. Reyes's voluntary departure period lapsed on July 6, 2026. During this period, Federal Respondents did not facilitate Mr. Reyes's voluntary departure, and to this day, Mr. Reyes remains in ICE custody.

## III. CONCLUSIONS OF LAW

The Court finds that Mr. Reyes's continued detention is a violation of his Fifth Amendment

due process rights.

First, Respondents have not identified any lawful statutory basis for Petitioner's detention, nor have they provided any legitimate interest in Petitioner's continued detention. The Court will not speculate as to which detention authority may or may not apply to a given noncitizen if offered none. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles[.]")). In any case, Petitioner's ongoing detention violates procedural due process: Petitioner has a substantial interest in his own liberty, has not been afforded any procedures that would protect against erroneous deprivation, and continues to remain in ICE detention without any justification. See Mathews v. Eldridge, 424 U.S. 319, 334 (1976). Indeed, other courts have similarly found that ongoing unjustified detention, despite a voluntary departure order, violates due process. See, e.g., P.A. v. California City Warden, No. 1:26-CV-04214-TLN-CSK, 2026 WL 1970614, at *3–4 (E.D. Cal. July 8, 2026) (finding that, in accordance with the Mathews factors, Petitioner had a substantial interest in his own liberty and was entitled to depart, and that the government's interest in effectuating Petitioner's voluntary departure order was not served by continuing Petitioner's detention); Robert C.S. v. Warden of the California City Corr. Ctr., No. 1:26-CV-03437-TLN-CSK, 2026 WL 1453541, at *2–4 (E.D. Cal. May 22, 2026) (same).

Additionally, Petitioner's continued detention is unreasonable. Assuming, without deciding, that Petitioner is in post-removal detention, his detention has nonetheless exceeded a period reasonably necessary to secure his removal. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001). When analyzing whether a detention period is "reasonably necessary to secure removal," the Court measures "reasonableness primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." Id. "Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." Id. at 699–700. Here, Respondents, despite having complete control and custody of Petitioner, have not facilitated Petitioner's voluntary departure since the Court modified its original Order on June 23, 2026. See ECF No. 11. On July 9, 2026, Respondents filed a non-responsive filing and entirely failed to address Petitioner's voluntary departure order. See generally

Supp. Notice. Respondents were given further opportunity to show cause for Petitioner's detention, see ECF No. 19, and Respondents declined to do so. To-date, Respondents have not identified any justification for continuing to detain Petitioner, nor have they provided any alternative procedures by which Petitioner could somehow depart or be removed. Based upon Respondents' failure to identify the lawful basis for Peitioner's continued detention and their failure to identify any procedures or projected date by which he would be permitted to voluntary depart, the Court finds that Petitioner is being held indefinitely and that removal is not reasonably foreseeable. Zadvydas, 533 U.S. at 699–700. Petitioner's detention has exceeded the period reasonably necessary for removal and thus violates due process.

## IV. REMEDY

Based on the record before it, the Court finds that Petitioner has been subjected to arbitrary detention in violation of his constitutional rights. Thus, the Court's task is to determine the appropriate remedy for these violations. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (citation omitted) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief. . . . The court is free to fashion to the remedy as law and justice require . . . ."); Brown v. Davenport, 596 U.S. 118, 132 (2022) (quoting 28 U.S.C. § 2243) (same).

Federal Respondents entered into a "*quid pro quo*" voluntary departure agreement with Mr. Reyes, where Mr. Reyes was meant to benefit by "avoid[ing] extended detention." Dada v. Mukasey, 554 U.S. 1, 11 (2008). Instead, Mr. Reyes has remained in detention despite Federal Respondents' unfettered ability to facilitate his voluntary departure. Mr. Reyes's unjustified detention is a violation of his due process rights. Thus, the Court finds that immediate release, so that Petitioner may voluntarily depart pursuant to the agreement between Respondents and Petitioner and the order of the Immigration Judge, is the appropriate equitable remedy.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Mr. Reyes's First Amended Petition (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must immediately **RELEASE** Petitioner from detention on his personal recognizance on **August 22, 2026** between the hours **of 12:00 P.M. and 3:00 P.M.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If Federal Respondents fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** that Petitioner must voluntarily depart from the United States within **30 days** from his release from custody based upon this Court's Order. ***If he does not voluntarily depart within this time frame, he may be re-detained by ICE.***[1]

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **August 24, 2026** confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** August 21, 2026.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court orders this equitable remedy under its inherent powers in habeas proceedings. See 28 U.S.C. § 2243; see also Cahill v. Insider Inc., 131 F.4th 933, 938 (9th Cir. 2025). The Court finds this remedy is both necessary, given Respondents' violation of Petitioner's due process rights, and consistent with the relief ordered by the Immigration Judge. This remedy should not be construed as a ruling on the voluntary departure order.